

**Lauren Macksoud**
Partner

lauren.macksoud@dentons.com
D    +1 212-768-5347

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States
dentons.com

September 1, 2022

**BY ECF/CM**

The Honorable Cathy Seibel
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

*Re:*     In re 85 Flatbush RHO Mezz LLC, et al.,[1] Case No. 20-23280 - Chapter 11; on appeal in
         Case No. 22-cv-06241-CS  and Case No. 22-cv-06233-CS.

Dear Judge Seibel:

        Pursuant to the *Notice of Court Conference* [Docket No. 16] issued by Your Honor on
August 31, 2022 in the above-referenced Case No. 22-cv-06241-CS (the "Debtors' Appeal"), we
write on behalf of secured creditor and plan proponent TH Holdco LLC ("TH Holdco") in
opposition to the letter dated August 31, 2022 [Docket No. 15] (the "Letter to Strike") filed by the
Debtors, with the consent and joinder of Appellant 85 Flatbush Mezz LLC (the "Mezz Lender"
and together with the Debtors, the "Appellants"), which erroneously requests Your Honor strike
certain items TH Holdco designated as the record on appeal (the "TH Holdco Designation of
Record") in both of the above-referenced appeals (collectively, the "Appeals") currently before
Your Honor.  [*See* TH Holdco Designation of Record, Docket Nos. 12 and 9, in the respective
appeals].

        As discussed in more detail below, TH Holdco's inclusion of post-Confirmation Order
items (the "Stay Order Items") and items from the Adversary Proceeding is intended to provide
Your Honor with all of the necessary and relevant background relevant to these Appeals.  This
includes transcripts containing admissions by the Appellants on positions being advanced in the

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification
number, include:  85 Flatbush RHO Mezz LLC (6184); 85 Flatbush RHO Hotel LLC (5027); and 85 Flatbush RHO
Residential LLC (2261).

Sirote ► Adepetun Caxton-Martins Agbor & Segun ► Davis Brown ► East African Law Chambers ► Eric Silwamba, Jalasi and Linyama ►
Durham Jones & Pinegar ► LEAD Advogados ► Rattagan Macchiavello Arocena ► Jiménez de Aréchaga, Viana & Brause ► Lee International ►
Kensington Swan ► Bingham Greenebaum ► Cohen & Grigsby ► Sayarh & Menjra ► For more information on the firms that have come together
to form Dentons, go to dentons.com/legacyfirms

US_ACTIVE\122248369\V-4

**大成 DENTONS**

dentons.com

Appeals.  The inclusion of these items in the record on appeal is supported by precedent, and as such the Letter to Strike should be denied.

As to the substance of the Letter to Strike, there is none.  The Letter to Strike, which was filed more than two (2) weeks after TH Holdco filed the TH Holdco Designation of Record in the Bankruptcy Court, cites only Federal Rule of Bankruptcy Procedure ( "Bankruptcy Rule") 8009(e)(1) for the proposition that *Your Honor* should strike certain items "not properly part of the record of the appeals" because the TH Holdco Designation of Record includes (a) items entered on the docket after entry of the Confirmation Order, which items could not have been considerations relating to the underlying decision in the Appeals, and (b) items entered in the Adversary Proceeding, the merits of which are still before the Bankruptcy Court.  As demonstrated herein, both of these arguments utterly fail.

As an initial matter, the Appellants have not raised this matter in the proper forum. Bankruptcy Rule 8009(e)(1) clearly states:

> If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference **_must be submitted to and settled by the bankruptcy court_** and the record conformed accordingly.  If an item has been improperly designated as part of the record on appeal, a party may **_move_** to strike that item.

(emphasis added); *see also In re Ames Dep't Stores, Inc.*, 320 B.R. 518, 521 (Bankr. S.D.N.Y. 2005) (explaining why the Bankruptcy Court is best suited to make this decision in the first instance).  The Bankruptcy Rules require the Appellants to submit a proper *motion* to the *Bankruptcy Court*.  The 2-page Letter to Strike, filed before a holiday weekend on an emergency basis, all while TH Holdco is in the midst of preparing its response briefs in the Appeals, is unfair and unwarranted.  Importantly, this procedural or tactical error deprives TH Holdco of the benefit of providing the Bankruptcy Court, the Court with the best understanding of the record, with the opportunity to address and decide the issue.  Accordingly, the Letter to Strike should not be considered by this Court.

To the extent this Court does consider the Letter to Strike, TH Holdco requests that the relief requested be denied.  The Appellants are asking this Court to exclude numerous documents and transcripts without Your Honor ever having reviewed their content or TH Holdco's response briefs for context.  These Appeals have no jury, rendering it unnecessary to exclude items from the record at this stage to avoid undue influence on a jury.  Your Honor, in your sound discretion, can decide to exclude or give less weight to certain documents later, once Your Honor is fully briefed on the issues in these Appeals.

As to the law, the record on appeal is governed by Bankruptcy Rule 8009, which among other things lists several bullet points of items that *must* be included in the record on appeal. Bankruptcy Rule 8009(a)(4).  The rule does not list items that may not be included.

大成 DENTONS

dentons.com

September 1, 2022
Page 3

Bankruptcy Rule 8009(a)(4) provides: "The record on appeal must include the following: . . . any opinion, findings of fact, and conclusions of law *relating to the issues* on appeal, including transcripts of all oral rulings." *Id.* (emphasis added). This explicitly allows, and in fact requires, the record to include documents and transcripts that postdate the order at issue if they relate to the issues on appeal.

The items Appellants wish to strike from the TH Holdco Designation of Record are explicitly *required* to be included because they are either (i) an opinion, findings of fact, conclusions of law, or transcript of oral rulings *relating to the issues on appeal* [*see* Docket Nos. 309 and 312], or (ii) pertinent thereto and *specifically reference the appeal* [*see* Docket Nos. 294, 301, 302, 303, and 304], as highlighted below:

| Case No. 20-23280 (Main Case – Jointly Administered) | | |
|---|---|---|
| Date Filed: | Docket No. | Document Name |
| August 11, 2022 | 312 | Order Signed On 8/11/2022, Staying The Effective Date Of TH Holdco's Confirmed Plan And The Closing On TH Holdco's Credit Bid Pending Appeal. (Related Doc # 294) |
| August 8, 2022 | 309 | Transcript regarding Hearing Held on August 3, 2022 |
| August 2, 2022 | 304 | Reply to Motion (related document(s)294 [Motion for Stay Pending Appeal filed by Michael Ryan Pinkston on behalf of 85 Flatbush Mezz LLC]) |
| August 1, 2022 | 303 | Response - DEBTORS' JOINDER TO SECURED CREDITOR 85 FLATBUSH MEZZ LLC'S MOTION FOR STAY PENDING APPEAL OR, ALTERNATIVELY STAY PENDING RESOLUTION OF ADVERSARY PROCEEDING (related document(s)294) |
| August 1, 2022 | 302 | Declaration of Franco Famularo In Support of TH HOLDCO LLCS Objection To Mezz Lenders Motion For A Stay Pending Appeal of The Confirmation Order (related document(s)294, 301) |
| August 1, 2022 | 301 | Objection to Motion For Stay Pending Appeal (related document(s)294) |
| July 22, 2022 | 294 | Motion for Stay Pending Appeal filed by Michael Ryan Pinkston on behalf of 85 Flatbush Mezz LLC |

While the Bankruptcy Court may not have considered future events when making its June 30, 2022, ruling, the subsequent admissions and developments in the above listed documents are directly relevant to positions parties are taking in the Appeals. Therefore, the items contained in the TH Holdco Designation of Record are directly related to the Appeals and should not be stricken.

Further baffling is the fact that although the Appellants wish to strike these items, the Appellants themselves reference all of these items in the Appeals. For example, *Appellant 85*

*Flatbush Mezz LLC's Opening Brief* (the "<u>Mezz Lender's Opening Brief</u>") references the "Adversary Proceeding" thirty-two (32) times, and the *Brief for Debtors-Appellants* (the "<u>Debtors'</u> <u>Opening Brief</u>") references the "Adversary Proceeding" thirty-five (35) times.   Clearly, the Adversary Proceeding is part of the record in these Appeals and is properly before Your Honor as such, even though Your Honor is not tasked with determining the merits of the Adversary Proceeding.  It is unfair for the Appellants to discuss the Adversary Proceeding without the actual documents from and developments in the Adversary Proceeding to be part of the record on appeal.

The Debtors' Opening Brief specifically relies on the Stay Order Items to bolster its arguments on appeal, stating:  "The Bankruptcy Court's *subsequent order staying the effectiveness of the Confirmation Order*, and by virtue thereof, the sale of the Property, gives credence to the argument that . . . ."  *Id.* at 35 (emphasis added).  And the Mezz Lender's Opening Brief acknowledges the importance of the stay pending appeal, stating: ". . . Mezzanine Lender was able to obtain a sixty (60) day stay pending appeal from the Bankruptcy Court staying to closing and the Effective Date of the TH Holdco Plan pursuant to Order dated August 11, 2022.  The stay has prevented this appeal from becoming equitably moot."  *Id.* at 8 (emphasis added).  What's good for the goose is good for the gander, and if the Appellants can reference these items, there is no cause to strike them from the TH Holdco Designation of Record.

Most importantly, however, the Second Circuit, this Court, and the Bankruptcy Court have long acknowledged that Bankruptcy Rule 8009 "should be construed liberally" and "the record on appeal should contain the documentation necessary to afford the reviewing court a complete understanding of the case."  *In re Candor Diamond Corp.*, 26 B.R. 844, 846 (Bankr. S.D.N.Y. 1983) (citing *In re W.T. Grant Co.*, 432 F.Supp. 105 (S.D.N.Y.1977), *aff'd.* 559 F.2d 1206 (2d. Cir 1977); *In re Madoff*, 848 F. Supp. 2d 469, n.1 (S.D.N.Y. 2012), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 740 F.3d 81 (2d Cir. 2014) (citing *Ames*).  Indeed, "[d]ocuments not considered by the bankruptcy court in reaching its decision may be included in the record on appeal provided that the appellate court is informed that such materials were not considered by the trial court in reaching its decision in the matter appealed."  *In re Candor Diamond Corp.*, 26 B.R. at 846 (citing *In re Food Fair, Inc.*, 15 B.R. 569 (Bankr. S.D.N.Y.1981)).

In turn, *In re Food Fair, Inc.* stands for the proposition that while a reviewing court will not look at wholly unrelated matters not considered by the Bankruptcy Court in issuing the appealed decision, the reviewing court will allow items that are "very closely related" to the appeal. 15 B.R. 569, 570 (Bankr. S.D.N.Y. 1981) (specifically including in the designation of the record on appeal an agreement entered into after the appealed order was issued and further acknowledging that other adversary proceedings related to the same main case can be properly included in a designation of the record on appeal).

The TH Holdco Designation of Record includes items "very closely related" to the Appeals that are intended to help Your Honor have a complete understanding of the necessary items in the Chapter 11 Cases and the Adversary Proceeding that directly relate to the issues in the Appeals. In fact, TH Holdco believes there are several helpful admissions from the Appellants in these additional designated items that are directly relevant yet detrimental to the Appellants' positions and arguments in these Appeals, and TH Holdco has the right to use these admissions against the Appellants.

大成 DENTONS

dentons.com

September 1, 2022
Page 5

　　　We thank you for Your Honor's consideration of TH Holdco's position that all of the items in TH Holdco Designation of the Record should remain as the record in these Appeals.  For all of the reasons stated herein, Your Honor should require the Appellants to seek the relief by a proper motion filed in the Bankruptcy Court, or alternatively, deny the Letter to Strike.

　　　　　　　　Respectfully,

　　　　　　　　*Lauren Macksoud*

　　　　　　　　Lauren Macksoud
　　　　　　　　Partner