Case No. 7:22-cv-06241-CS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

*In re:*

85 FLATBUSH RHO MEZZ LLC, 85 FLATBUSH RHO HOTEL LLC,
85 FLATBUSH RHO RESIDENTIAL LLC,

Debtors.

85 FLATBUSH RHO MEZZ LLC, 85 FLATBUSH RHO HOTEL LLC,
85 FLATBUSH RHO RESIDENTIAL LLC,

Appellants,

v.

TH HOLDCO LLC,

Appellee.

Appeal from the United States Bankruptcy Court for the
Southern District of New York, Bankr. Case No. 20-23280 (SHL)

## REPLY BRIEF FOR DEBTORS-APPELLANTS

LEECH TISHMAN
ROBINSON BROG PLLC
A. Mitchell Greene
875 Third Avenue
New York, NY 10022
(212) 603-6300

*Counsel for Debtors-Appellants*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 2

ARGUMENT .......................................................................................................... 4

I.   TH HOLDCO IS NOT ENTITLED TO A FINDING THAT THE PLAN
     WAS PROPOSED IN "GOOD FAITH" UNDER SECTION 1129(A)(3)
     OF THE BANKRUPTCY CODE .......................................................... 4

II.  TH HOLDCO IS NOT ENTITLED TO A GOOD FAITH PURCHASER
     FINDING WITHIN THE MEANING OF SECTION 363(m) OF THE
     BANKRUPTY CODE ......................................................................... 8

III. THE BANKRUPTCY COURT ERRED IN NOT HOLDING A
     HEARING TO ESTABLISH THE VALUE OF THE DEBTORS'
     PROPERTY AND TH HOLDCO'S SECURED CLAIM ............................. 10

IV.  FAILURE OF THE BANKRUPTCY COURT TO FINALLY AND
     FULLY ADJUDICATE THE ADVERSARY PROCEEDING
     IRREPARABLY HARMS THE DEBTORS .............................................. 14

CONCLUSION ........................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Argo Fund Ltd. v. Bd. of Dirs. of Telecom Arg., S.A. (In re Bd. of Dirs. of Telecom Arg., S.A.),*
528 F.3d 162 (2d Cir. 2008)..................................................................... 5

*In Re Ditech Holding,*
2019 WL 4073378 (S.D.N.Y. August 28, 2019) ................................. 9, 10

*In re Holley Garden Apts., Ltd.,*
238 B.R. 488 (Bankr. M.D. Fla. 1999) ................................................... 12

*In re Ion Media Networks, Inc.,*
419 B.R. 585 (Bankr. S.D.N.Y. 2009)............................................... 16, 17

*In re Koelbl,*
751 F. 2d 137 (2d Cir. 1984).................................................................... 5

*Licensing by Paolo, Inc. v. Sinatra (in re Gucci),*
126 F.3d 380 (2d Cir. 1997)..................................................................... 8

*Miami Center Ltd Partnership v. Bank of New York,*
838 F.2d 1547 (11th Cir. 1988) ............................................................... 9

*In re South Side House LLC,*
451 B.R. 248 (Bankr. E.D.N.Y. 2011) ................................................... 12

*In re The Leslie Fay Cos.,*
207 B.R. 764 (Bankr. S.D.N.Y. 1997)...................................................... 5

**Statutes**

11 U.S.C. § 1129(C).................................................................................. 17

Bankruptcy Code Section 363 ......................................................... 8, 9, 10

Bankruptcy Code Section 363(m)............................................... 3, 8, 9, 10

Bankruptcy Code section 365, 1123(b)(4), 1129(b)(2)(A)(iii), and 1146(a) ................. 9

Bankruptcy Code Section 1129(A)(3) ........................................................ 4

4887-5560-9395, v. 2

**Other Authorities**

RULE 8015(a)(7)(B) ................................................................................................. 21

Rule 8015(g) ........................................................................................................... 21

4887-5560-9395, v. 2

Appellants 85 Flatbush RHO Mezz LLC ("Mezz"), 85 Flatbush RHO Hotel LLC ("Hotel") and 85 Flatbush RHO Residential LLC ("Residential" and with Mezz and Hotel, "Debtors" or "Appellants"), by counsel, respectfully reply to the Brief of Appellee TH Holdco, LLC ("TH Holdco" or "Appellee") in Opposition to Brief of Debtors-Appellants to the Debtors' appeal of the Confirmation Order.

Appellants join in and adopt each of the arguments set forth in Appellant 85 Flatbush Mezz LLC's ("Mezz Lender") reply brief in the related appeal, Case No. 22-cv-06233-CS as if fully set forth herein.

## **<u>PRELIMINARY STATEMENT</u>**

In connection with this appeal, the Debtors identified inconsistencies in the record of the June 30, 2022 confirmation hearing. The Bankruptcy Court failed to hold a valuation hearing of the Debtors' Property and made improper good faith findings in favor of TH Holdco. These rulings evidence that the Bankruptcy Court committed a clear error in approving the TH Holdco Plan and entering the Confirmation Order.

The Bankruptcy Court acknowledged that the Mezz Lender had certain rights under the ICA[1] and had asserted various claims in the Adversary Proceeding against TH Holdco which had not been adjudicated before entry of the Confirmation Order.  If the Confirmation Order is affirmed, it will render this appeal, the Debtors' rights and Mezz Lender's rights under the ICA statutorily and equitably moot.

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in Appellant's Brief ECF Doc. No. 10.

In addition, the Bankruptcy Court conflated TH Holdco's credit bid amount as evidence of the Property's market value without holding a valuation hearing, when it merely represented the amount of its claim not the value of the Debtors' Property.  The Bankruptcy Court's erroneous decision  in turn foreclosed the Debtors' proposed plan from being considered for confirmation.

Finally, the Bankruptcy Court made improper findings under section 363(m) which TH Holdco, both as plan proponent and purchaser, was not entitled to based on its conduct and that of its affiliate, Ohana, when they acquired the Mortgage Loan.

Based on the record, entry of the Confirmation Order was clearly erroneous and for the reasons set forth in their initial brief and as set forth herein the Bankruptcy Court erred in entering the Confirmation Order and it should be reversed.

# ARGUMENT

**I.    TH HOLDCO IS NOT ENTITLED TO A FINDING THAT THE PLAN WAS PROPOSED IN "GOOD FAITH" UNDER SECTION 1129(A)(3) OF THE BANKRUPTCY CODE**

The Bankruptcy Court made a good faith finding in favor of TH Holdco as plan proponent based on the record of the confirmation hearing. However, TH Holdco is not entitled to a good faith finding and the Bankruptcy Court did not apply the correct legal standard in reaching its decision and thus committed clear error.

The Court held as follows:

> The good faith requirement in section 1129(a)(3) states that the plan must have been "proposed in good faith and not by any means forbidden by law."

> In addition to those plain terms, a number of cases, including those in the Southern District of New York, require that the plan be proposed to effectuate the purposes of the bankruptcy code which include, as is appropriate in the context of reorganization for the maximization of value for creditors consistent with section 1129(a)(1)'s requirement that the plan comply with the applicable sections of the bankruptcy code.  See, for example, In re: Gaston & Snow, 1996 WL 694421, page 9 (S.D.N.Y. Dec. 4, 1996) and In re: 68 West 127th Street, L.L.C., 285 B.R. 838 (Bkrtcy. SDNY 2002), as well as Judge Garrity's fairly recent decision in In Re: Ditech Holding Corp.

> (ECF 282; JA003604, 6/30/22 Tr. p. 82: 1-15)

4887-5560-9395, v. 2

However, the Bankruptcy Court did not apply the Second Circuit standard that requires "a showing that 'the plan [was] proposed with honesty and good intentions…'" *In re Argo Fund Ltd. v. Bd. of Dirs. of Telecom Arg., S.A. (In re Bd. of Dirs. of Telecom Arg., S.A.)*, 528 F.3d 162, 174 (2d Cir. 2008); *In re Koebl*, 751 F. 2d 137, 139 (2d Cir. 1984).

Also the Courts have noted that while the Bankruptcy Code does not define good faith,"bad faith has been defined as 'the opposite of "good faith," generally implying or involving actual or constructive fraud, **or a design to <u>mislead or deceive another</u>**, or a neglect or refusal to fulfill some duty or some contractual obligation, not promoted by an honest mistake as to one's rights or duties, but by some interested or sinister motive.'" *In re The Leslie Fay Cos.,* 207 B.R. 764, 781 (Bankr. S.D.N.Y. 1997) (quoting *In re Resorts Int'l, Inc.,* 145 B.R. 412, 469 (Bankr. D.N.J. 1990))(emphasis added).

Notably, TH Holdco agrees that this is the standard to be applied, but does not even try to defend its conduct, hoping this Court will overlook it just as the Bankruptcy Court apparently did.

TH Holdco is indirectly owned by Ohana and certain Ohana related entities.  It is undisputed that Ohana approached the Debtors, by

contacting Isaac Hager, an equity holder in the Debtors', portraying themselves as a "white knight" interested in  becoming Debtors' financial partner in a prospective reorganization as a plan sponsor or through a proposed joint venture with the Debtors, which would enable the Debtors to emerge from chapter 11 as a reorganized entity.  Hager provided Ohana with a plethora of Property and financial information based upon this deception. At no time did Ohana disclose to Hager that there was another part of its business that purchased distressed debt. Indeed, this "wolf in sheep's clothing" used the financial information Hager was duped into providing to them to purchase the Mortgage Loan on the Property and propose a plan that wiped out Hager's interests.

Arguing in support of the 1129(a)(3) good faith finding, TH Holdco states that "[N]either the Debtors nor the Mezzanine Lender raised any specific allegations against TH Holdco and in fact, the Debtors represented to the Court that it was comfortable allowing the sale process to proceed." (Appellee Brief, p. 19).  This statement is plainly false as detailed in the Hager Declaration attached to Debtors' motion seeking to disqualify TH Holdco from credit bidding for the Property and supporting exhibits, which questioned TH Holdco's good faith in

acquiring the underlying Mortgage Loan from the Original Lender. (ECF 232; JA003101-003140) and misreads the transcript of the May 16, 2022 hearing.

TH Holdco cites to the May 16, 2022 hearing transcript (ECF 209; JA002348-002389) where the Bankruptcy Court sought the parties' input regarding the sale process being run by JLL, the Debtors' broker, and whether JLL should continue in its role as broker. This colloquy had nothing whatsoever to do with Hager's allegations regarding Ohana's conduct in negotiating simultaneously with the Debtors and the Original Lender. The Bankruptcy Court however focused only on the Property sale, not on the Mortgage Loan acquisition, despite the Debtors' allegations that it was misled by Ohana.

Plainly the misconduct of Ohana and TH Holdco with respect to the acquisition of the Mortgage Loan was a process designed by TH Holdco and Ohana to mislead the Debtors regarding their intentions and was the opposite of good faith conduct.[2]

Debtors' objections are to the manner by which TH Holdco acquired the Mortgage Loan and the deceptive tactics used to acquire information

---

[2] The Bankruptcy Court raised the issue of whether there was a violation of any non-disclosure agreement between OHana, TH Holdco and JLL that compromised the sale process. This misses the

regarding the Property.  These actions are what evidence TH Holdco's lack of honesty and good intentions in the Plan process.  Under these circumstances and applying the Second Circuit standard requiring that a plan be proposed "with honesty and good intentions" the TH Holdco Plan could not be considered to have been proposed in good faith and therefore the Bankruptcy Court's good faith finding in favor of TH Holdco as a good faith plan proponent should be reversed.

## II. TH HOLDCO IS NOT ENTITLED TO A GOOD FAITH PURCHASER FINDING WITHIN THE MEANING OF SECTION SECTION 363(m) OF THE BANKRUPTCY CODE

Similar to the analysis of good faith in the context of proposing a plan, a finding of good faith under Section 363(m) of the Bankruptcy Code requires a finding based on a purchaser's conduct.  "The good faith analysis is focused on the purchaser's conduct in the course of the bankruptcy proceedings." *Licensing by Paolo, Inc. v. Sinatra (in re Gucci),* 126 F.3d 380, 390 (2d Cir. 1997) ("Gucci II").

Moreover, the sale of the Property under the TH Holdco Plan was not proposed under Section 363 of the Bankruptcy Code.  Rather, the

---

point of the Debtors' argument that it was the Mortgage Loan acquisition process where the Debtors were misled, and this bad faith conduct infected the entire confirmation process.

Plan at Section 5.2 provides: "The Confirmation Order shall <u>authorize</u> <u>and approve the Sale Transaction to the Purchaser under section 365,</u> <u>1123(b)(4), 1129(b)(2)(A)(iii), and 1146(a) of the Bankruptcy Code</u>." (ECF 211, JA002475)(emphasis added). The protections of 363(m), intended to insulate the purchaser from equitable mootness, is not applicable. Nor can the assets be sold free and clear under section 363(f) or 1123(a)(5)(D) since TH Holdco did not seek such relief. Any order granting such relief goes beyond the relief sought in the Plan and should be reversed.

Debtors further dispute TH Holdco's reading of *In Re Ditech Holding*, 2019 WL 4073378, (S.D.N.Y. August 28, 2019) which found that "where a debtor proposes a sale pursuant to a plan, the sale is not under section 363 and, by its plan terms, section 363(f) is inapplicable."  In *Ditech*, the Court found that the provisions of Sections 1123(a)(5)(D) and 1123(b)(4) "provide the applicable authority to propose the Second Amended Plan which contemplates the Plan Sale Transactions that upon confirmation will transfer Debtor's assets… free and clear of claims pursuant to 1141(c).  Sections 363(f) and 363(o)…simply do not come into play." *Ditech*, at 593.  See also, *Miami Center Ltd Partnership v. Bank of New York*, 838 F.2d 1547 (11th Cir. 1988) ("Section 363(m) does not apply

where the debtor's assets have been sold, as here, by a liquidating trustee pursuant to a plan of liquidation.".

It is also important to note that each of the cases TH Holdco cites to support their statement that "§363 (m) protections are routinely granted under plans." (Appellee Brief, p. 22) are cases that were confirmed prior to the date of the *Ditech* decision.

In this instance, the Property sale is being authorized pursuant to the TH Holdco Plan and is not a sale proposed under Section 363 of the Bankruptcy Code.  TH Holdco is not entitled to a good faith finding under Section 363(m) and the finding in the Confirmation Order was therefore both improper and premature and not based on evidence in the record.

### III.   THE BANKRUPTCY COURT ERRED IN NOT HOLDING A HEARING TO ESTABLISH THE VALUE OF THE DEBTORS' PROPERTY AND TH HOLDCO'S SECURED CLAIM

While TH Holdco states that the confirmation hearing was an evidentiary hearing on "issues relating to the value of the Property" (Appellee Brief, p. 2), the transcript of the confirmation hearing clearly establishes otherwise.

The Debtors raised a question of valuation and submitted an appraisal for the Property, which was not properly considered by the

- 10 -

Bankruptcy Court.  Rather than considering the Debtors' appraisal, the Bankruptcy Court utilized the TH Holdco credit bid amount and the Hagler plan funding amount to assess the value of the Property, when these amounts are not correlated in any way.

The Hagler funding amount was meant to reflect the sums Hagler was committed to advance to fund the Plan, in exchange for an equity position, not the amount Hagler would pay to acquire the Property.  The Hagler funding amount included amounts required to pay other creditors, including TH Holdco, through the Debtors' proposed plan of reorganization.

The TH Holdco credit bid amount of $90,000,000 reflects a portion of TH Holdco's claim amount under the governing loan documents.  It does not evidence the Property's market value or distinguish between what portion of the claim is secured or unsecured.  A valuation hearing would be required to make this determination.  A secured creditor may credit bid up to the full amount of their claim, but that does not mean that the Property is worth the full amount of the claim.  And in fact, when questioned regarding the basis for the credit bid amount, Famularo, on

behalf of TH Holdco stated that the credit bid was not based on a formal appraisal and TH Holdco had no intention of obtaining an appraisal.

Valuing the Property at the time of the confirmation hearing was crucial to a determination with respect to the amount of TH Holdco's claim and to the Debtors' proposed plan which was to be implemented by the Hagler funding amount.  "For purposes of plan confirmation, a majority of courts value the collateral at or near the date of confirmation."  *In re South Side House LLC*, 451 B.R. 248 (Bankr. E.D.N.Y. 2011)(citations omitted).

Using the credit bid amount and the Hagler funding amount is not equivalent to the "market test".  In failing to hold an evidentiary hearing on valuation, the Bankruptcy Court eliminated any opportunity for the Debtors to confirm their proposed plan of reorganization[3], which is clear and reversible error.

---

[3] With respect to the Debtors' proposed plan, it provides for Debtors' reorganization, the continued operation of the Hotel Property and Residential Property and for equity interests in Hotel and Residential to be retained. TH Holdco attempts to distinguish the Debtors' argument that when two plans are confirmable, a plan of reorganization is preferable to a plan to liquidate.  *See In re Holley Garden Apts., Ltd.*, 238 B.R. 488, 496 (Bankr. M.D. Fla. 1999) (debtor's plan that maximizes payments to creditors while rehabilitating debtor is preferable to a plan that extinguishes debtor's existence), by claiming that the TH Holdco Plan is not a liquidating plan is refuted by the TH Holdco Plan's own language.  The TH Holdco Plan provides for the liquidation and dissolution of the Debtors at Section 6.1 which governs the wind down of the Debtors and provides, "the Debtors shall be dissolved promptly after the Effective Date."  (ECF 211; JA002477).  Claiming that the "[P]roperty will be operated as a hotel and/or a residential condo project, but not liquidated" (Appellee Brief, p. 35) is entirely misleading.

- 12 -

Therefore, the Court erred in entering the Confirmation Order without first conducting an evidentiary hearing to determine the value of the Property and the amount of TH Holdco's secured claim.

---

There was a need for an evidentiary hearing on valuation of the Property which would in turn support the Debtors' proposed plan of reorganization. The Debtor should have been allowed to solicit votes from creditors on the Debtors' Plan and let creditors determine which plan should be confirmed.

4887-5560-9395, v. 2

### IV. FAILURE OF THE BANKRUPTCY COURT TO FINALLY AND FULLY ADJUDICATE THE ADVERSARY PROCEEDING IRREPARABLY HARMS THE DEBTORS

Debtors are not arguing the merits of the Adversary Proceeding or the substance of the Adversary Proceeding as the basis for its appeal of the Confirmation Order, but that final adjudication of the Adversary Proceeding was required before confirmation of the TH Holdco Plan as that determination goes to who may file a plan in these cases.

Absent the current stay, entry of the Confirmation Order irreparably harms both Debtors and Mezz Lender. The TH Holdco Plan authorizes and provides for TH Holdco to acquire the Property by a credit bid, plus a cash component to fund other plan payments. If title to the Property transfers to TH Holdco or its designee, that transfer extinguishes both Debtors' rights to pursue a reorganization and Mezz Lender's rights under the ICA, rendering this appeal and the Adversary Proceeding moot.

A final determination of the Adversary Proceeding, however, could result in an entity other than TH Holdco being the holder of the Mortgage Loan on the Property. Without a final determination of the Adversary

Proceeding, Debtors' opportunity to reorganize with a different secured lender is eliminated and TH Holdco, who purchased the Mortgage Loan with full knowledge of the ICA, would be permitted to acquire the Property and extinguish Mezz Lender's claims under the ICA and in the Adversary Proceeding.

As Debtors pointed to in their original brief, the Bankruptcy Court recognized claims asserted by Mezz Lender in the Adversary Proceeding, noting, "they have rights.  They can assert a claim as they have against the senior lender, and they might have a remedy for that." (ECF 282; JA003604, 6/30/22 Tr. at p. 66: 20-22).  Moreover, the Court clearly acknowledged that "[T]he adversary proceeding is still open." (ECF 282; JA003604, 6/30/22 Tr. at p. 41:22-23) and had not been adjudicated and was not being adjudicated at the confirmation hearing, stating, "[B]ut I've not decided any of the issues raised in that lawsuit." (ECF 282; JA003604, 6/30/22 Tr. p. 38:15-16), and "[W]ell, we're not trying the adversary proceeding."  (ECF 282; JA003604, 6/30/22 Tr. p. 26:6-7).

If, in fact, it is determined that the purchase option should have been given to the Mezz Lender, who could then exercise that option and become the holder of the Mortgage Loan, it would be the plan proponent,

not TH Holdco.   Debtors and Mezz Lender negotiated the terms of a consensual plan.  Permitting the TH Holdco Plan to go forward therefore materially adversely impacts the Debtors as well as Mezz Lender. Significantly, there has been no outright denial by TH Holdco that the purchase option wasn't given.

TH Holdco's reliance on *In re Ion Media Networks, Inc.*, 419 B.R. 585 (Bankr. S.D.N.Y. 2009) is misplaced as in that case, the Court made a ruling, with respect to the second lien holder's standing, which while not favorable to the second lien holder, adjudicated the issues.  In its decision to confirm the Debtor's plan, the Court noted the procedural posture of the case:

> Thereafter, both Cyrus and the Debtors moved for summary judgment on their respective claims in the consolidated Adversary Proceeding.  After extensive briefing, the Court heard oral argument on the summary judgment motions on October 28, 2009 and took the matters under advisement.  This decision on standing and plan confirmation answers the above questions and makes it unnecessary to separately rule with respect to the Adversary Proceeding.

*In re Ion Media Networks*, 419 B.R. at 592.

This is not the posture of the Adversary Proceeding at the time of the hearing to consider confirmation of the TH Holdco Plan.

- 16 -

Affirming the Confirmation Order and allowing TH Holdco to take title to the Property before adjudication of the Adversary Proceeding, and without their having to defend their conduct, unfairly rewards TH Holdco with good faith findings in their favor with respect to their roles as plan proponent and purchaser of the Property and at the same time extinguishes the Debtors' Property rights and Mezz Lender's rights under the ICA.

Therefore, the Bankruptcy Court erred, and the TH Holdco Plan should not be confirmed until final adjudication of the Adversary Proceeding.

4887-5560-9395, v. 2

## <u>CONCLUSION</u>

For all of the foregoing reasons, Appellants respectfully submit that the Bankruptcy Court erred in entering the Confirmation Order and respectfully request the Court reverse the Confirmation Order in all respects and grant such other and further relief as the Court deems just and proper.

Dated:      New York, New York
        September 16, 2022

LEECH  TISHMAN  ROBINSON BROG PLLC

By: <u>/s/ A. Mitchell Greene</u>
    A. Mitchell Greene
    875 Third Avenue
    New York, NY 10022
    (212) 603-6300

Attorneys for Debtors-Appellants 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC and 85 Flatbush RHO Residential LLC

4887-5560-9395, v. 2

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 8015(a)(7)(B)</u>

This Appellants' Reply Brief complies with the type-volume limitation of rule 8015(a)(7)(B) because it contains 3270 words, excluding those parts of the brief exempted by Rule 8015(g).

Dated:    New York, New York
          September 16, 2022

> LEECH TISHMAN ROBINSON BROG PLLC
>
> By: <u>/s/ A. Mitchell Greene</u>
>     A. Mitchell Greene
>     875 Third Avenue
>     New York, NY 10022
>     (212) 603-6300
>
> Attorneys for Debtors-Appellants 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC and 85 Flatbush RHO Residential LLC

4887-5560-9395, v. 2